POWERS OF FISH AND GAME RANGERS
Title 29 O.S. 252 [29-252](h) (1971), as amended in 1971, provides that fish and game rangers shall be and have the powers of peace officers in the State of Oklahoma. Fish and game rangers are now included in the definition of "peace officers" found in 70 O.S. 3311 [70-3311](g)(4) (1971), and are therefore required to attend a course of basic police training under 70 O.S. 3311 [70-3311] (1971). Only those persons "appointed as fish and game rangers" may properly exercise the powers of peace officers. The Department of Wildlife Conservation should follow Oklahoma Constitution, ArticleXXVI, Section 4 when making decisions regarding the spending of State funds. The Attorney General has considered your opinion request wherein you ask the following questions: 1. What is the effect of Section (h) of H.B. No. 1108, passed by the 1971 Legislature and enacted as 29 O.S. 252 [29-252](h) (1971) in regard to the following: (a) Does the newly extended authority of game and fish rangers as peace officers mean that each ranger must now complete a 120 hour basic police course by virtue of the provisions of 70 O.S. 3311 [70-3311] (1971)? (b) To whom does this statutory extension of authority apply? Under the provisions of the Oklahoma Constitution, Article XXVI, can the Department of Wildlife Conservation legally spend funds derived from the sale of fishing and hunting licenses for basic police training for game and fish rangers? Title 29 O.S. 252 [29-252](h) (1971) provides as follows: "All persons appointed as game and fish rangers shall be and have the powers of peace officers of the State of Oklahoma in the enforcement of the provisions of this Act and all other laws of the State. They shall have the power of search and seizure in accordance with the general statutes of the State of Oklahoma relating to the powers of peace officers and may take into possession any and all protected wildlife, game, bird, or fish, taken, killed, shipped, or had in possession contrary to law." Title 70 O.S. 3311 [70-3311](g)(3) (1971), creates the Southwest Center for Law Enforcement Education and in subsection (g) requires that after July 1, 1968, no person may receive a permanent assignment as a police or peace officer in Oklahoma unless he satisfactorily completes a basic police course of not less than 120 hours of accredited instruction. Subsection (g) (3) exempts from the operation of Section 3311 all persons hired previous to July 1, 1968. Subsection (g) (4) of Section 3311 defines those peace officers appointed subsequent to July 1, 1968, who are subject to the mandatory training provisions: "For the purposes of this section a police or peace officer is defined as a full-time duly appointed or elected officer, whose duties are to preserve the public peace, protect life and property, prevent crime, serve warrants, enforce all laws and city ordinances of this State, and any political subdivision thereof." The critical question is whether "persons appointed as game and fish rangers" are peace officers within the definition of subsection (g) (4) quoted above. It is the opinion of the Attorney General that game and fish rangers are included in the above definition. Title 29 O.S. 252 [29-252](h) (1971) states that "game and fish rangers shall be and have the powers of peace officers of the State of Oklahoma in the enforcement of the provisions of this Act and all other laws of the State." Similarly, 70 O.S. 3311 [70-3311](g)(4) (1971) defines peace officers covered by the statute's mandatory training provisions in terms of duties of office, including the duty to enforce all laws of the State. Game and fish rangers are also "full-time duly appointed" officers under Section 3311 (g)(4). In Miles v. State, 30 Okl. Cr. 302,236 P. 57, 44 A.L.R. 129, (1924), the Oklahoma Court of Criminal Appeals defined the word "peace" in the phrase "breach of the peace" as "the tranquility enjoyed by the citizens of a municipality or community where good order reigns among its members; that invisible sense of security which every man feels necessary to his comfort and for which all governments are constituted". The Second Restatement of the Law of Torts at Section 114 defines a peace officer as "a person designated by public authority, whose duty it is to keep the peace and arrest persons guilty or suspected of crime." This definition is similar to the Oklahoma statutory definition of a peace officer which appears at 21 O.S. 99 [21-99] (1971): "The term police officer signifies any sheriff, constable or policeman, and any other officer whose duty it is to enforce and preserve the public peace." Therefore, it is the opinion of the Attorney General that Oklahoma game and fish rangers are peace officers within the meaning of 70 O.S. 3311 [70-3311](g)(4) (1971), and therefore are required to undergo basic police training as required by that statute. According to current Department of Wildlife Conservation policies and job descriptions, the primary duty of game and fish rangers remains the enforcement of the game and fish laws of the State of Oklahoma. The enforcement of non-game and fish act statutes is considered incidental and secondary. This opinion should not be interpreted as requiring changes in these policies. It is emphasized that no opinion is rendered concerning whether game and fish rangers are to be considered police officers for other purposes. The extension of authority contained in House Bill 1108 of the 1971 Legislature, enacted as 29 O.S. 252 [29-252](h) (1971) applies only to "persons appointed as game and fish rangers." Under the statute, only persons "appointed as game and fish rangers" are to enjoy the powers of peace officers of the State of Oklahoma. You should determine which of your employees are "appointed as fish and game rangers" according to their job descriptions and other criteria, and should caution all other employees of the department not to attempt to exercise powers of arrest, search and seizure properly exercised only by peace officers. Your second question concerns the power of the Department of Wildlife Conservation under Article 26 of the Oklahoma Constitution to legally spend funds derived from the sale of fishing and hunting licenses for basic police training for game and fish rangers. You are referred to Attorney General's Opinion No. 71-163, which spells out the legal guidelines which you must follow in regard to your spending of State funds. That Opinion states that: "The Wildlife Conservation Commission may expend Wildlife Conservation funds for the control, management, restoration, conservation and regulation of the bird, fish, predatory animals, game and wildlife resources of the State, including the acquisition of property for said purpose, and for the administration of the laws pertaining thereto and for no other purpose." It is the responsibility of the Wildlife Commission to decide whether any specific expenditure falls within these guidelines. The Commission must decide whether law enforcement expenditures fall within one of the purposes enumerated above and may make expenditures accordingly. If the source of the expenditures is to be funds derived from the sale of hunting and fishing licenses, the Commission will remember the statutory admonition contained in 29 O.S. 253 [29-253] (1971), which in referring to an increase in the amount of hunting and fishing license fees states as follows: "The first money of the increase of the fees shall be used to raise salaries of all rangers up to the national average." In summary, it is the opinion of the Attorney General that game and fish rangers are peace officers within the definition contained in 70 O.S. 3311 [70-3311] (1971), and are therefore required to complete a basic course in police training. Only persons "appointed as game and fish rangers" have been given the powers of peace officers of the State of Oklahoma by the provisions of 29 O.S. 252 [29-252](h) (1971). The Attorney General has no authority to decide whether the Department of Wildlife Conservation may make certain expenditures. That authority rests in the Wildlife Commission, which must make its decision using the guidelines set out in Article 26 of the Oklahoma Constitution. (Charles L. Pain)